IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HAKEEM L. SMITH, #09850-025, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-02186-SMY |
| | ) | |
| T. G. WERLICH, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Hakeem Smith, an inmate who is currently incarcerated at the Federal Correctional Institution located in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his designation and sentence as a career offender in *United States v. Smith*, No. 12-CR-30173-DRH (S.D. Ill.) ("criminal case"). (Doc. 1). Petitioner asserts that his two prior convictions in Illinois for aggravated fleeing from police no longer qualify as crimes of violence under U.S.S.G. § 4B1.2(a). He relies on the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016). Petitioner seeks a new sentence. (*Id*.).

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

1

**Background**

In 2012, Petitioner pleaded guilty[1] to distributing and possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 12, criminal case). He was sentenced as a career offender (*see* U.S.S.G. § 4B1.1) to 151 months of imprisonment – the bottom of the Sentencing Guidelines range. (Doc. 26, criminal case). Petitioner qualified as a career offender based on two prior convictions for aggravated fleeing from police (*see* 625 ILCS § 5/11-204.1), which were considered "crimes of violence" under U.S.S.G. § 4B1.2(a). His conviction and sentence were affirmed on appeal. *United States v. Smith*, 721 F.3d 904 (7th Cir. 2013).

Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 following the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") on due process grounds. He challenged his career offender designation under the similarly-worded residual clause of U.S.S.G. § 4B1.2 on the same grounds. *Smith v. United States*, No. 15-cv-00807-DRH (S.D. Ill. filed July 27, 2015). Petitioner's § 2255 Motion was dismissed with prejudice on June 8, 2017, after the District Court determined that his claim was foreclosed by the Supreme Court's recent decision in *Beckles v. United States*, 137 S. Ct. 866 (2017) (explaining that *Johnson* does not extend to § 4B1.2's residual clause because the advisory Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause). The instant § 2241 Petition followed.

**The Petition**

Petitioner ostensibly relies on the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016), to again challenge his designation and sentence as a career offender

---

[1] The Agreement to Plead Guilty does not appear to contain a waiver of the right to bring an appeal or collateral attack of Petitioner's conviction or sentence. (Doc. 18, criminal case).

2

under U.S.S.G. § 4B1.2. (Doc. 1, p. 4). He contends that his "priors" no longer qualify as crimes of violence under U.S.S.G. § 4B1.2. (*Id*.). Petitioner argues but does not explain why he is "actually innocent" of the career offender designation. (*Id*.). He seeks resentencing without the career offender enhancement. (Doc. 1, p. 5).

## **Discussion**

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a one-time motion pursuant to Section 2255 in the court that sentenced him. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under limited circumstances, a prisoner may challenge his federal conviction or sentence pursuant to 28 U.S.C. § 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Following *Davenport*, a petitioner must satisfy three conditions in order to trigger the savings clause: (1) he must demonstrate that he relies on a new statutory interpretation case and not a constitutional case; (2) he must demonstrate that he relies on a decision that he could not have invoked in his first

§ 2255 motion and that case must apply retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Here, Petitioner cannot bring his *Mathis* claim in a § 2241 petition. Some errors can be raised on direct appeal, but not in a collateral attack pursuant to Sections 2255 or 2241. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. As the Seventh Circuit has noted, "[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for Section 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum."). *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014). More recently, the Seventh Circuit reiterated that the Sentencing Guidelines have been advisory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017).

Petitioner was sentenced in 2013 – long after *Booker* was decided. He received a sentence that was well within the statutory maximum range of twenty years (240 months) and the Guidelines range of 151-188 months, according to the Presentence Investigation Report. (*See* Doc. 24, p. 16, criminal case). In fact, his sentence was at the bottom end of the Guidelines range. Thus, Petitioner cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition. The savings clause affords Petitioner no relief, and his § 2241 petition will be dismissed.

**Disposition**

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Petitioner will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: 3/24/2019**

s/ STACI M. YANDLE
**United States District Judge**